IN THE DISTRICT COURT OF CREEK COUNTY
BRISTOW DIVISION, STATE OF OKLAHOMA

GARY YOUNG and TERRY RUSSELL )
)
    Plaintiffs, )
) Case No. B-CJ-2003-053
vs. )
) Judge Joe Sam Vassar
CITY OF SAPULPA, OKLAHOMA )
and FRATERNAL ORDER OF POLICE, )
LODGE 94, INC., SAPULPA, )
OKLAHOMA, )
)
    Defendants. )

## PETITION FOR BREACH OF CONTRACT AND DEPRIVATION OF VESTED PROPERTY RIGHT

COMES NOW the Plaintiffs, GARY YOUNG (hereinafter Young) and TERRY RUSSELL (hereinafter Russell) and for their Petition against the City of Sapulpa, Oklahoma (hereinafter Sapulpa) and Fraternal Order of Police Lodge No. 94, Sapulpa, Oklahoma (hereinafter FOP), allege and state as follows:

1. Young and Russell are police officers with the City of Sapulpa Police Department and residents of Creek County, Oklahoma.

2. Sapulpa employees Young and Russell and is a governmental entity incorporated as a City in Creek County, Oklahoma.

3. FOP is a police lodge located in Sapulpa, Creek County, Oklahoma organized for police officers employed by Sapulpa. Young and Russell are not current members of the FOP.

4. Young and Russell allege that all material acts complained of herein occurred in Creek County, Oklahoma.

5. Young and Russell are long term vested employees of Sapulpa and were under contract with the City of Sapulpa for employment. As part of the employment agreement, Sapulpa agreed to pay Young and Russell a salary premium known as longevity pay in addition to their base salary as a means of encouraging long-term employees to remain on the force of the Sapulpa Police Department.

6. The longevity payment was a vested property right of Young and Russell guaranteed by contract.

7. A copy of the longevity payment contract and pay schedule is attached as Exhibit A.

8. The longevity payment has been unilaterally terminated by Sapulpa in conjunction with a contract entered into with FOP.

## FIRST CAUSE OF ACTION

9. Young and Russell incorporate all allegation in this Petition as if fully set out.

10. A contract between Young, Russell and Sapulpa exists within the meaning of 15 O.S. §1 that provides for longevity payments to Young and Russell (and other similarly situated) so long as they remain employed by Sapulpa that has been breached by Sapulpa.

11. The longevity payments are vested property rights recognized by Sapulpa, which have been taken by Sapulpa and the FOP without proper basis, notice or consent of the Plaintiffs.

12. Young has lost the sum of $586.24 per month since December 1, 2001 and continues to lose the amount monthly to his detriment.

13. Russell has lost the sum of $377.00 per month since December 1, 2001 and continues to lose the amount monthly to his detriment.

14. Young and Russell agreed to, and continue to, abide by the contract providing for the vested longevity payments and continue to provide their skill, service and tenure to Sapulpa as police officers as required by the contract despite the breach.

15. Sapulpa and FOP were without authority to take away a vested property right, and upon information and belief were advised of the inability to alter the guaranteed longevity payments to Young and Russell (and other similarly situated) by legal opinion from counsel for the FOP that had negotiated the original contract with Sapulpa.

## SECOND CAUSE OF ACTION

16. Young and Russell incorporate all allegation in this Petition as if fully set out.

17. FOP interfered with the vested property rights of Young and Russell guaranteed by contract to deprive them of their longevity payments and benefits.

18. The interference was wrongful and denied Young and Russell of the payments set forth above to their detriment.

## THIRD CAUSE OF ACTION

19. Young and Russell incorporate all allegation in this Petition as if fully set out

20. FOP and Sapulpa acted together to conspire to deny Young and Russell of their property rights under contract to deny them the guaranteed longevity payments and benefits to the detriment of Young and Russell to enrich more junior officers' salaries at the expense of the senior officers. The conspiracy was a wrongful exercise of power entitling Young and Russell to actual damages as set forth above and punitive damages.

WHEREFORE, premises considered, Young and Russell pray for judgment, together with prejudgment and post judgment interest, costs of the action, and attorney's fees on the causes of action collectively in an amount in excess of $10,000 for actual damages each with punitive damages,

if appropriate, and for such other and further relief that the Court deems just and proper in the premises.

_____
RANDALL A. GILL, OBA #10309
2512 East 21st Street, Suite 100
Tulsa, Oklahoma 74114-1706
(918) 747-1958
(918) 747-1108 fax